FILED IN OPEN COURT
ON 3-24-2014
Julie A. Richards, Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-47-D

| | |
|---|---|
| AUGUSTA WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | **ORDER** |

Augusta Williams ("Williams" or "plaintiff") challenges the final decision of Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying his application for social security benefits. Williams moved for judgment on the pleadings [D.E. 21] and filed a memorandum in support [D.E. 22], and the Commissioner moved for judgment on the pleadings [D.E. 26] and filed a memorandum in support [D.E. 27]. On March 24, 2014, the court held oral argument.

On April 21, 2010, Williams applied for benefits and claimed that he became disabled on July 1, 2008. He later amended his onset date to April 21, 2010. The Social Security Administration ("SSA") found that Williams was not disabled, and denied his application. Upon Williams's request, the SSA reconsidered his application, but again denied it. Williams then requested and received a hearing before an Administrative Law Judge ("ALJ"). On January 20, 2012, the ALJ denied Williams's claim. Transcript of Proceedings ("Tr.") 23–38. Williams timely sought review with the Appeals Council, to no avail. Williams timely sought judicial review. See 42 U.S.C. § 405(g).

In reviewing the Commissioner's denial of benefits, a district court is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See id.; Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla of evidence but may be somewhat less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). When reviewing for substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In evaluating disability claims, the Commissioner follows a familiar five-step process. The Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to the claimant's past relevant work; and (5) if not, could perform any other work in the national economy. See 20 C.F.R. § 416.920(a)(4). The claimant has the burden of production and proof in steps one through four. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If the process reaches the fifth step, the Commissioner has the burden of proving that the claimant, despite impairments, can perform a job that exists in significant numbers in the national economy. See id.; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

In sum, as explained in open court and incorporated herein by reference, the court GRANTS the Commissioner's motion for judgment on the pleadings [D.E. 26], DENIES Williams's motion for judgment on the pleadings [D.E. 21], and AFFIRMS the Commissioner's final decision. The clerk shall close the case.

SO ORDERED. This **24** day of March 2014.

JAMES C. DEVER III
Chief United States District Judge